**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAVIER GUZMAN,<br>Plaintiff,<br>vs.<br><br>HOVG, LLC dba BAY AREA CREDIT SERVICES, LLC, *et al.*<br>Defendants. | CIVIL ACTION NO. 18-cv-3013(WB) |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

CARY L. FLITTER
ANDREW M. MILZ
JODY THOMAS LÓPEZ-JACOBS
Attorneys for Plaintiff

**FLITTER MILZ, P.C.**
450 N. Narberth Avenue, Suite 101
Narberth, PA 19072
(610) 822-0782

**TABLE OF CONTENTS**

**PAGE**

I. INTRODUCTION .......... 1

II. FACTS .......... 2

III. ARGUMENT .......... 3

A. The FDCPA Requires Debt Collectors to Effectively Explain to Consumers their Right to Dispute a Debt .......... 3

B. Our Court of Appeals in *Graziano* States Disputes Must be *in Writing* to be Valid. .......... 5

C. Under *Caprio*, Debt Collectors may not Invite Consumers to Dispute Debts by Making a Telephone Call. .......... 6

D. Defendants' Collection Letter Invites Consumers to Dispute by Telephone. .......... 6

IV. CONCLUSION .......... 11

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| JAVIER GUZMAN,<br>Plaintiff,<br>vs.<br><br>HOVG, LLC dba BAY AREA CREDIT SERVICES, LLC, *et al.*<br>Defendants. | CIVIL ACTION NO. 18-cv-3013(WB) |
|---|---|

**O R D E R**

AND NOW, this day of , 2018, upon consideration of Defendants' Motion to Dismiss (ECF 5) and Plaintiff's Opposition thereto, it is hereby ORDERED that Defendants' Motion to Dismiss is DENIED.

BY THE COURT:

______________________________
U.S.D.J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAVIER GUZMAN,<br>Plaintiff,<br>vs.<br><br>HOVG, LLC dba BAY AREA CREDIT SERVICES, LLC, *et al.*<br>Defendants. | CIVIL ACTION NO. 18-cv-3013(WB) |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

## I. INTRODUCTION[1]

In recognition of the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," Congress enacted the Fair Debt Collection Practices Act ("FDCPA") to safeguard the rights of consumers. 15 U.S.C. § 1692(a). The FDCPA affords consumers a panoply of rights, including the right to be free from non-deceptive collection practices. 15 U.S.C. § 1692(e). The statute also requires debt collectors to provide a consumer a statement of their rights with or shortly after the first communication with the consumer. 15 U.S.C. § 1692g. This explanation of rights is called a "Validation Notice," and typically appears on the first collection letter. *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148 (3d Cir. 2013). The notice allows the consumer a 30-day period to submit a *written* dispute of the debt claimed due. *Id.*

A debt collector must convey a consumer's dispute rights effectively, and cannot mislead the consumer into thinking that an oral dispute is sufficient to preserve his rights. *Id.* at 148–49,

---

1 This opposition is filed 21 days after service of Defendants' motion to dismiss, as set forth in Judge Beetlestone's Policies and Procedures, Sec. IV.C. The docket reflects a text order at ECF 6, "Paperless Order Granting Motion to Dismiss for Failure to State a Claim." Plaintiff informally brought this to the attention of chambers and is laboring under the presumption that this apparent administrative error will be corrected, and the matter decided on the merits.

151–52. It is important for the debt collector to clearly state the written dispute requirement because when a debt is effectively disputed, the debt collector must *immediately* cease all collection activities and communications, and obtain verification of the debt. 15 U.S.C. § 1692g(b). Debt collectors accordingly have an incentive to invite phone call disputes from consumers, because if a consumer disputes the debt over the phone, the debt collector has no obligation to do *anything*, and it may continue its collection activities without restriction. *See Harlan v. Transworld Sys., Inc.*, No. 13-5882, 2014 WL 1414508, at *10 (E.D. Pa. Apr. 14, 2014) (Pratter, J.). This Court in *Harlan* recognized that "it seems that no debt collector would *want* to prominently display a notice of validation rights for concern that doing so would reduce the rate at which less sophisticated consumers simply pay to make the inconvenience (or intimidation) go away, even if the debt is not in fact valid."

Here, Defendants sent Mr. Guzman an inherently misleading Collection Letter that *twice* invites him to call Defendants if he has any "questions," without clarifying that Mr. Guzman's inquiry into the validity of the debt must be in writing to be effective. (See Exhibit "A," Collection Letter). Because Mr. Guzman amply states a claim for Defendants' violation of the disclosure requirements of § 1692g, Defendants' Motion to Dismiss should be denied.

## II. FACTS

Defendants HOVG, LLC dba Bay Area Credit Service LLC ("HOVG") and Pendrick Capital Partners II, LLC ("Pendrick") are debt collectors. Am. Compl. ¶¶ 9–17. Pendrick hired HOVG to collect a debt alleged due from Mr. Guzman. *Id.* ¶ 18. At all times relevant, HOVG was acting as Pendrick's agent for the purposes of collecting a debt alleged due from Mr. Guzman. *Id.* ¶ 19.

On August 9, 2017, HOVG sent Mr. Guzman an initial written communication in connection with a debt alleged due to Pendrick ("Collection Letter"), which is attached as Exhibit A to the Amended Complaint. *Id.* ¶ 20.

Defendants' Collection Letter *twice* instructs Ms. Guzman to call HOVG if he has any questions. The Collection Letter states, "If you are not able to pay the balance, or if you have any questions, please call us at 800-684-1856." *Id.* ¶ 22. Further down, Collection Letter states, "If you have any questions or would like to pay by phone, call 800-684-1856." *Id.* ¶ 23.

On the reverse side, the Collection Letter states, "Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid." *Id.* ¶ 24. This sentence does not specify that the dispute must be in writing to be effective.

## III. ARGUMENT

### A. The FDCPA Requires Debt Collectors to Effectively Explain to Consumers their Right to Dispute a Debt.

"Congress adopted 'the debt validation provisions of section 1692g' to guarantee that consumers would receive 'adequate notice' of their rights under the FDCPA." *Caprio*, 709 F.3d at 148 (quoting *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000)). "The right to dispute a debt is the most fundamental of those set forth in § 1692g(a) . . . ." *Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282, 286 (2d Cir. 2013). The requirements of § 1692g, like the entire FDCPA, are to be interpreted liberally in light of the statute's remedial purpose. *Harlan* at *4 *citing Lesher v. Law Offices of Mitchell N. Kay*, 650 F.3d 993, 996 (3d Cir. 2011); *Caprio*, 709 F.3d at 148-49.

The FDCPA requires that initial communications be accompanied by a Validation Notice. See 15 U.S.C. § 1692g(a). The Validation Notice must inform consumers the specific actions they

must take to validly dispute a debt, which includes submitting a dispute **in writing**. Specifically, the Validation Notice must include:

> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a) (emphasis added).

It is not enough to merely regurgitate this language onto a collection letter. *Caprio*, 709 F.3d at 148–49. Additionally, the Validation Notice "must not be overshadowed or contradicted by accompanying messages from the debt collector." *Caprio*, 709 F.3d at 148.[2] Neither the form nor the substance of the collection letter may overshadow or contradict the Validation Notice. *Caprio* at 150; *Harlan* at *4-5.

In determining whether the Validation Notice is overshadowed or contradicted by other language in the letter, the Court must view the Collection Letter from the perspective of the "least sophisticated debtor" and ask whether he or she would be left "uncertain as to her rights." *Id.* at 149, 152. The "least sophisticated debtor" standard is objective, and serves the purpose of

---

[2] While the "overshadowed or contradicted" rule used to be a judge-made rule, it has since been codified expressly in § 1692g(b), which now states that "[a]ny collection activities and communication during the 30–day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." *See Caprio*, 709 F.3d at 148–49.

"ensur[ing] that the FDCPA protects all consumers, the gullible as well as the shrewd." *Id.* at 149; *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006). In this respect, the FDCPA enables sophisticated consumers "as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act but who . . . benefit from the deterrent effect of civil actions brought by others." *Jensen v. Pressler & Pressler*, 791 F.3d 413, 419 (3d Cir. 2015). A collection letter such as this fails if it "can be reasonably read to have two or more different meanings, one of which is inaccurate." *Brown*, 464 F.3d at 455.

Before the Court is Defendants' motion to dismiss for failure to state a claim under Rule 12(b)(6). When Guzman asserts that the broad and repeated invitation to telephone with a question – "any question" – a reasonable reading carries the inference that "question" subsumes a substantive dispute over the debt. Put otherwise, the invitation to telephone was not exclusively limited to, or even tethered to, making a payment arrangement. Because the invitation to telephone can reasonably be read to invite a call to validate or dispute the debt being collected, Guzman states a claim upon which relief can be granted. *See Brown*, 464 F.3d at 456.

**B. Our Court of Appeals in *Graziano* States Disputes Must be *in Writing* to be Valid.**

In *Graziano v. Harrison*, our Court of Appeals reviewed whether the debt validation provisions of § 1692g(a)(3) requires a dispute be in writing to be valid. 950 F.2d 107, 111–12 (3d Cir. 1991). The court held that § 1692g(a)(3) "contemplates that any dispute, to be effective, must be in writing." *Id.* at 111–12.[3]

[3] This decision sets the Third Circuit apart from other circuits who have ruled on this issue and have concluded that oral disputes are valid under § 1692g(a)(3). *See Clark v. Absolute Collection Serv., Inc.*, 741 F.3d 487, 491 (4th Cir. 2014); *Hooks*, 717 F.3d at 286; *Camacho v. Bridgeport Financial, Inc.*, 430 F.3d 1078 (9th Cir. 2005); *see also Homer v. Law Offices of Frederic I. Weinberg & Assocs., P.C.*, 292 F. Supp. 3d 629, 633 (E.D. Pa. 2017) (recognizing Third Circuit rule).

### C. Under *Caprio*, Debt Collectors may not Invite Consumers to Dispute Debts by Making a Telephone Call.

More than two decades after *Graziano*, our Court of Appeals held that a debt collector may not include language in a collection letter that suggests the consumer "could dispute the debt by making a telephone call." *Caprio*, 709 F.3d at 152. In *Caprio*, the collection letter stated, "If we can answer any questions, or if you feel you do not owe this amount, **please call** us toll free at **800–984–9115** or write us at the above address." *Id.* at 150 (emphasis in original). Caprio argued that this language "violated § 1692g because the least sophisticated debtor could reasonably believe that he could effectively dispute the validity of the debt by making a telephone call, even though such disputes must be made in writing in order to be effective in this Circuit." *Id.* at 150–51.

The Third Circuit concluded that both the substance and form of the collection letter "overshadowed and contradicted the Validation Notice." *Id.* at 151. The letter was deceptive because "it can be reasonably read to have two or more different meanings, one of which is inaccurate, i.e., that Caprio could dispute the debt by making a telephone call." *Id.* at 152 (quotation marks omitted). "[T]he Validation Notice was overshadowed and contradicted because the 'least sophisticated debtor' would be 'uncertain as to her rights.'" *Id.* (quoting *Wilson*, 225 F.3d at 354).

### D. Defendants' Collection Letter Invites Consumers to Dispute by Telephone.

In Defendants' Collection Letter to Mr. Guzman, Defendants obscure Mr. Guzman's obligation to dispute the debt in writing. To start, the first sentence of the Validation Notice itself does not state whether a dispute must be in writing, but instead informs Mr. Guzman that he must "notify this office" within 30 days that he disputes the debt, or else HOVG will assume the debt is valid. (Exhibit "A" to Am. Compl.). This language essentially regurgitates the statutory language in § 1692g(a)(3), which requires "a statement that unless the consumer, within thirty days after

receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector." 15 U.S.C. § 1692g(a)(3).

As observed by this Court, "[w]hether the language of subsection (a)(3) requires that a dispute must be in writing to be effective has divided courts." *Homer*, 292 F. Supp. 3d at 633. Judge Savage explained that because Courts of Appeals cannot agree whether § 1692g(a)(3) requires a writing, it must necessarily be the case that a Validation Notice that mirrors § 1692g(a)(3) would leave the least sophisticated debtor uncertain as to her rights:

> The division in the courts demonstrates why merely mirroring the language of subsection (a)(3) does not effectively communicate that a dispute must be in writing. It does confirm that the language, read in the entirety of section 1692g, is susceptible to two meanings—one that a debtor may dispute the debt orally, and the other that he may dispute it either orally or in writing. It illustrates how a least sophisticated debtor would be confused and uncertain of his rights. If courts reading the statutory language interpret it differently, how could the least sophisticated debtor not. Thus, in the Third Circuit, mirroring the statutory language does not excuse the debt collector from explicitly advising the debtor that a dispute must be in writing to be valid.

*Id.*

Defendants' Collection Letter does not advise of the need for a written dispute. (See Exhibit "A" to Am. Compl.). Without this clarification, the least sophisticated debtor would be left uncertain as to their right to dispute the debt orally or in writing. *See id.; See also Caprio*, 709 F.3d at 152; *Harlan*, 2014 WL 1414508 at *10.

But other language in the Collection Letter further muddles the written dispute requirement. As noted, the Collection Letter *twice* instructs Mr. Guzman to call if he has any questions. (Exhibit "A" to Am. Compl.). The first instruction states: "If you are not able to pay the balance, **or if you have questions**, please call us at 800-684-1856." *Id.* (emphasis added). The

second instruction states: "If you have **any questions** or would like to pay by phone, call 800-684-1856." *Id.* (emphasis added). These unambiguous instructions to call about "any questions" could readily lead the least sophisticated debtor to call HOVG to dispute the debt.[4]

The two remaining sentences in the Validation Notice do nothing to clarify whether the dispute *must* be in writing to be effective. In fact, the remainder of the Validation Notice suggests that a written dispute is not necessarily required. While the first sentence states "**[u]nless** you notify," the remaining two sentences use the condition "if." (Id., emphasis added). As observed by Judge Wigenton, "The use of the word 'if' could arguably confuse the least sophisticated consumer as to whether a written response was required." *Cadillo v. Stoneleigh Recovery Assocs., LLC*, No. CV 17-7472-SDW-SCM, 2017 WL 6550486, at *3 (D.N.J. Dec. 21, 2017), *motion to certify appeal denied*, 2018 WL 702890 (D.N.J. Feb. 2, 2018). The court found the failure to specify a written dispute meant the validation notice – and the collector's initial communication – violated the requirement of § 1692g as applied by the Court of Appeals in *Caprio*.

Other aspects of the Collection Letter also overshadow the Validation Notice. HOVG's phone number is listed no less than four times on the front of the Collection Letter. The Validation Notice, however, appears on the reverse side of the Collection Letter. This placement alone emphasizes calling over (the required, and collection-stopping) written dispute.

Although Plaintiff contends that Defendants' Collection Letter contains hopelessly contradictory language as to his obligation to dispute in writing, a direct contradiction is not required. In *Caprio*, the letter in that case did not "*expressly* state that a telephone call would be sufficient to dispute the debt," but the inference that a call is sufficient violated the Act. 709 F.3d

[4] The collector's use of the disjunctive "or" indicates that the call to lodge "any questions" about the debt alleged or the dun is separate from any issue concerning payment upon the debt. *Compare Mushinsky v. Nelson, Watson & Associates, LLC*, 642 F.Supp.2d 470, 472-73 and n. 3 (E.D. Pa. 2009) (applying disjunctive "or" to statutory interpretation of the Act).

at 151 (emphasis added). Indeed, "apparent" but "not actual" contradictions may form the basis of an FDCPA violation where the apparent contradiction is unexplained—i.e. there is no "reconciling statement." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 355 n.4 (3d Cir. 2000), *as amended* (Sept. 7, 2000).

In *Wilson*, our Court of Appeals endorsed the use of a reconciling statement to correct "apparent though not actual" contradictions in a collection letter. *Id.* There are "three possible means of inducing confusion: (1) an actual contradiction; (2) overshadowing; and (3) the 'failure to explain an apparent though not actual contradiction'—the third means being the most common." *Id.* (quoting *Bartlett v. Heibl*, 128 F.3d 497, 500 (7th Cir.1997)). Although the court in *Wilson* found no apparent contradiction, it endorsed the rule of law that apparent but not actual contradictions can form the basis of a § 1692g violation.

Courts in our Circuit have followed *Wilson*'s endorsement of a reconciling statement in the context of a § 1692g claim. *See, e.g.*, *Norman v. Allied Interstate, LLC*, No. 17-5181, 2018 WL 2383099, at *8 (E.D. Pa. May 25, 2018) (letter created confusion because it did not include a "reconciling statement" explaining whether—or how—sending in a payment would affect the consumer's right to dispute the debt); *Stair ex rel. Smith v. Thomas & Cook*, 254 F.R.D. 191, 194 (D.N.J. 2008) (referring to the court's earlier ruling denying defendant's motion for summary judgment, which held that the letter's Validation Notice provisions were "sufficiently contradicted" and there was "nothing to reconcile" this contradiction).

A reconciling statement was undoubtedly required to rectify the actual and apparent contradictions in the Defendants' Collection Letter. To start, the first sentence of the Validation Notice does not state that the dispute must be in writing. (Ex. A, stating that "Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any

portion thereof, this office will assume the debt is valid."). It fails to mention any writing requirement *at all*. Upon reading that sentence, the least sophisticated consumer could reasonably believe that disputing via telephone or in writing would be sufficient to stop the debt collector from assuming that the debt is valid.

But adding to the confusion created by this omission is the letter's unambiguous instruction to call about "any questions." (Ex. A). This language contradicts the two remaining sentences of the Validation Notice, which call for a written dispute. At the *very* least, this language creates an apparent contradiction—that the consumer could call if he had any questions about the validity of the debt—which could leave the least sophisticated consumer "uncertain as to her rights." *Caprio*, 709 F.3d at 152. To rectify this confusion, the debt collector was obligated to at least notify the least sophisticated consumer that its instruction to call with "any questions" applies only to payment issues and does not include disputes, which are only legally effective when in writing.

Defendants contend that the instruction to call with "any questions" is permissible because it merely encourages communication with the debt collector. But this begs the question: communication about *what*? Debt collectors do not seek to converse with debtors about philosophy or ethics. They want to discuss payment.

But Defendants' Collection Letter does not limit its instruction to call to questions regarding payment. It instructs the debtor to call with "any questions" whatsoever. It belies logic to presume that the least sophisticated debtor—faced with such a broad invitation to call—would read this unambiguously instruction as excluding the subject matter of disputes.[5] Defendants likely

---

5 Plaintiff acknowledges that some cases have espoused the contrary position, but respectfully, those decisions fail to appreciate the practical import of an unambiguously broad instruction to call about *anything*. An instruction to call about "any questions" necessarily includes any questions about the validity of the debt. To hold otherwise would require the reader to add an unexpressed exception to the unambiguously broad instruction to call with "any questions."

chose this broad instruction to call about "any questions" (rather than about payment) precisely because they knew that its seemingly benign instruction would readily lead consumers to dispute by phone.

And, Defendants benefit from sending deceptive collection letters inviting consumers to effectively waive their dispute rights. *See Harlan*, 2014 WL 1414508, at *10 (recognizing that debt collectors do not want to display a prominent validation notice because "doing so would reduce the rate at which less sophisticated consumers simply pay"). Understandably, if the least sophisticated debtor is led to believe that a telephonic dispute is sufficient, then it would be "more likely that [she] would take the easier—but legally ineffective—alternative of making a toll-free telephone call to dispute the debt instead of going to the trouble of drafting and then mailing a written dispute." *Caprio*, 709 F.3d at 152.

## IV. CONCLUSION

The letter is readily susceptible to two reasonable readings one of which suggests that a telephone call to "question" the debt would trigger a valid dispute, when it will not. Defendants' Motion to Dismiss for failure to state a claim must be denied.

Respectfully submitted:

Date: 9/14/2018

*/s/ Jody T. López-Jacobs*
CARY L. FLITTER
ANDREW M. MILZ
JODY THOMAS LÓPEZ-JACOBS
Attorneys for Plaintiff

**FLITTER MILZ, P.C.**
450 N. Narberth Avenue, Suite 101
Narberth, PA 19072
(610) 822-0782

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAVIER GUZMAN,<br>Plaintiff,<br>vs.<br><br>HOVG, LLC dba BAY AREA CREDIT SERVICES, LLC, *et al.*<br>Defendants. | CIVIL ACTION NO. 18-cv-3013(WB) |

**CERTIFICATE OF SERVICE**

I certify that on September 14, 2018, a copy of the foregoing was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court' system.

Date: 9/14/18

*/s/ Jody T. López-Jacobs*
JODY T. LÓPEZ-JACOBS