**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JAVIER GUZMAN ,**<br>**Plaintiff,**<br><br>**v.**<br><br>**HOVG, LLC AND PENDRICK CAPITAL PARTNERS II, LLC,**<br>**Defendants.** | **CIVIL ACTION**<br><br><br><br>**NO. 18-3013** |

# OPINION

Plaintiff Javier Guzman claims that Defendants HOVG, LLC and Pendrick Capital Partners II, LLC (collectively, "Defendants") violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, by sending a collection letter that failed to adequately inform consumers of their statutory rights. The FDCPA requires that debt collectors provide certain notices regarding various statutory rights to dispute debt. Here, the question is whether a debt collector's notice that parrots the language set out in the text of the statute sufficiently explains those rights. Defendants now move to dismiss, arguing that the letter complies with the FDCPA. For the reasons set forth below, the Motion shall be denied.

## I. BACKGROUND

The facts here are straightforward. Pendrick is a company that buys and collects debts related to medical care. HOVG is a collection agency. Pendrick hired HOVG to collect a debt allegedly owed by Plaintiff. On August 9, 2017, in an attempt to collect on this debt, HOVG sent Plaintiff a letter.

The front side of the letter provided basic information regarding the debt, including the amount due, the current owner of the debt (Pendrick), and methods that Plaintiff could use in order to pay the debt immediately. In the body of the message, and in the same size font as the

preceding text, the letter also contained the statement: "If you are not able to pay the balance, or if you have questions, please call us at 800-684-1856." Below the body of the message, after two lines of bold, capitalized font, the letter included another statement, also in bold, capitalized font: "See reverse side for important consumer information." After several more lines of text, the letter stated, in regular font, "If you have any questions or would like to pay by phone, call 800-684-1856."

The reverse of the letter, at the top of the page, included the following disclosure, which was referred to on the front:

> CONSUMER RIGHTS
>
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of the judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

This statement was followed by a Spanish translation. The remainder of the back side was blank, except for a box near the bottom of the page that the consumer could fill out in order to provide updated contact information.[1]

## II. LEGAL STANDARDS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting

[1] Because the descriptions of this letter are less effective than a visual representation, a copy of the letter is included at the end of this opinion.

*Twombly*, 550 U.S. at 556-57) (internal quotation marks omitted). The court must "construe the complaint in the light most favorable to plaintiff." *Warren Gen. Hosp. v. Amgen, Inc.*, 643 F.3d 77, 84 (3d Cir. 2011).

## III. DISCUSSION

The FDCPA requires debt collectors to provide certain notices to consumers. In this suit, Plaintiff alleges that the letter received by Plaintiff failed to adequately convey those notices, and thus Defendants violated to FDCPA. Defendants now move to dismiss, arguing that the notices in the letter mirror the statutory language of the FDCPA, and, accordingly, they have complied with the statute's notice requirements. Plaintiff counters that the language in the letter is open to multiple interpretations, and that the letter encourages an incorrect understanding of consumer rights.

"Whether language in a collection letter violates the FDCPA is a question of law." *Szczurek v. Prof'l Mgmt. Inc.*, 627 F. App'x 57, 60 (3d Cir. 2015) (citing *Wilson v. Quadramed Corp.*, 225 F.3d 350, 353 n.2 (3d Cir. 2000)).

The FDCPA mandates that debt collectors provide the following information to consumers:

> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day

> period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a). Paragraphs 3 through 5 are known as "the validation notice." The validation notice "inform[s] the consumer how to obtain verification of the debt and that he has thirty days in which to do so." *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 147 (3d Cir. 2013). Separately, subsection (b) provides that "[i]f the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed . . . the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt. . . ." 15 U.S.C. § 1692g(b). Thus subsections (a)(4), (a)(5), and (b) all indicate that a dispute must be "in writing" to trigger certain debt collector obligations, while subsection (a)(3) contains no such reference. Nonetheless, the Third Circuit has held that "subsection (a)(3), like subsections (a)(4) and (a)(5), contemplates that any dispute, to be effective, must be in writing." *Graziano v. Harrison*, 950 F.2d 107, 112 (3d Cir. 1991).

In order to adequately inform a consumer of her rights under Section 1692g, "more is required than the mere inclusion of the statutory debt validation notice in the debt collection letter—the required notice must also be conveyed *effectively* to the debtor." *Wilson*, 225 F.3d at 354 (emphasis added). Courts apply the "least sophisticated debtor" standard in order to ascertain whether the debt collector has effectively conveyed the validation notice. *See, e.g.*, *Caprio*, 709 F.3d at 149. The standard is lower than that of a "reasonable debtor," *Jensen v. Pressler & Pressler*, 791 F.3d 413, 419 (3d Cir. 2015), but nonetheless "presume[es] a basic level of understanding and willingness to read with care." *Lesher v. Law Offices of Mitchell N. Kay, PC*, 650 F.3d 993, 997 (3d Cir. 2011) (internal quotation marks omitted). Accordingly, the standard "prevents liability for bizarre or idiosyncratic interpretations of collection notices." *Id.*

A debt collection letter violates Section 1692g if "it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Caprio*, 709 F.3d at 152. Similarly, a debt collection letter will not pass muster if the validation notice is "overshadowed or contradicted by accompanying messages from the debt collector." *Id.* at 148. There are also certain cases where a notice is considered clearly ineffective. For example, "where the validation notice is printed on the back and the front of the letter does not contain any reference to the notice," the letter "will not meet the requirements of the Act." *Id.* Further, "the notice must be in print sufficiently large to be read, and must be sufficiently prominent to be noticed." *Graziano*, 950 F.2d at 111.

The Third Circuit has not had much occasion to consider whether the language in a particular validation notice is sufficiently clear. Generally, a debt collector will include language that mirrors Section 1692g(a)—much like Defendants have done in this case—and the content of that language goes unchallenged. *See, e.g., Jewsevskyj v. Fin. Recovery Servs., Inc.*, 704 F. App'x 145, 149 n.7 (3d Cir. 2017); *Laniado v. Certified Credit & Collection Bureau*, 705 F. App'x 87, 87-88 (3d Cir. 2017). However, on several occasions, the Third Circuit has considered whether *other* information in a debt collection letter overshadows or contradicts the information provided in the unchallenged validation notice.

In *Graziano*, the circuit court found that a debt collection letter did not adequately convey a consumer's validation rights under Section 1692g. The plaintiff received a collection letter that,

> [T]hreatened legal action within ten days unless the debt was resolved in that time. At the bottom of the page appeared the phrase "See reverse side for information regarding your legal rights!" The statement on the reverse . . . informed [the consumer] that unless he disputed the debt in writing within thirty days, the debt would be assumed valid. It also informed [the consumer] that, upon receiving written notice of a dispute, [the defendant] would provide

verification of the debt.

950 F.2d at 109. The circuit explained that "[t]here is a reasonable probability that the least sophisticated debtor, faced with a demand for payment within ten days and a threat of immediate legal action if payment is not made in that time, would be induced to overlook his statutory right to dispute the debt within thirty days." *Id.* at 111. Accordingly, the "juxtaposition of two inconsistent statements . . . rendered the statutory notice invalid under section 1692g." *Id.*

By contrast, in *Wilson*, the circuit court found that a collection notice complied with Section 1692g. 225 F.3d 350. There, the letter contained three paragraphs on the front side:

> Our client has placed your account with us for immediate collection. We shall afford you the opportunity to pay this bill immediately and avoid further action against you.
>
> To insure immediate credit to your account, make your check or money order payable to ERI. Be sure to include the top portion of this statement and place your account number on your remittance.
>
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgement and mail you a copy of such judgement or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

*Id.* at 352. The circuit court considered whether the first two paragraphs—with their language about "immediate" action to be taken—muddled the validation information in the third paragraph, and concluded that they did not: "Although the debt collection letter here presents a close question, we are not convinced that the language in the first two paragraphs overshadows or contradicts the validation notice such that the 'least sophisticated debtor' would be confused or misle[]d as to his rights to dispute or seek validation of the debt." *Id.* at 353.

More recently, in *Caprio*, the circuit court found that a letter did not comply with Section

1692g. The letter's repeated direction that a consumer should "please call" "if you feel you do not owe this amount" overshadowed the validation notice. 709 F.3d at 146. The validation notice appeared on the reverse side of the letter, and stated:

> Pursuant to Sec. 809 of the Fair Debt Collection Practices Act, unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will: obtain verification of the debt or obtain a copy of a judgement [sic] and mail you a copy of such judgement [sic] or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

*Id.* The circuit court found a violation of Section 1692g, looking to both the substance and the form of the full letter. As to substance, the circuit court explained that "the repeated instruction 'to call or write if you feel you do not owe this amount,'" on the front side of the letter "overshadowed and contradicted the Validation Notice," because the language on the front side "basically instructed such a debtor to call or write in order to dispute the debt itself." *Id.* at 151. This instruction was problematic because, in the Third Circuit, "it is well established that a telephone call is not a legally effective alternative for disputing the debt." *Id.* As to form, the circuit court observed that the "please call" language was printed in bold on the front side of the letter, and the phone number was in larger font than the mailing address, while the validation notice was "relegated to the back side." *Id.* at 151-52.

Here, Plaintiff argues that the content of the validation notice itself is inadequate and that the remainder of the letter encourages an incorrect understanding of consumer rights. *Graziano*, *Wilson*, and *Caprio* all analyze whether certain statements in a letter overshadow or contradict a validation notice—but they do not analyze the required *content* of the validation notice itself.

Thus those cases are of limited value here, where the content of the notice has been challenged.[2] Nonetheless, these cases reflect the ongoing debate about where the line should be drawn on compliance with Section 1692g and shed light on the least sophisticated debtor standard.

The validation notice at issue parrots the language of the statute. There is a sentence that corresponds with Section 1692g(a)(3), which indicates that a consumer may prevent HOVG from presuming the validity of the debt by "notif[ing]" HOVG of a dispute, without any indication that the dispute must be made in writing to be effective; there are two following sentences, that correspond to subsections (a)(4) and (5), which indicate that disputes made "in writing" will create certain obligations for HOVG. The lack of a specific reference to a written dispute in the first sentence—while the other sentences indicate that only written disputes will be effective—could reasonably be interpreted to mean that disputes under the first sentence need not be in writing. But within the Third Circuit, this is incorrect: all three types of disputes must be in writing to be effective. *Caprio*, 709 F.3d at 151. Accordingly, the validation notice "can be reasonably read to have two or more different meanings, one of which is inaccurate," and violates the FDCPA. *Id.* at 152.

The conclusion that this mirroring language is ambiguous is bolstered by the fact that Section 1692g(a)(3)-(5) is the subject of a circuit split. As noted, the Third Circuit has held that *all* debt disputes under subsections (a)(3)-(5) "must be in writing" to be effective. *Graziano*, 950 F.2d at 112. But other circuit courts have rejected this reading, and have held that subsection (a)(3) does not require that a dispute be in writing. *See Hooks v. Forman, Holt, Eliades & Ravin,*

[2] It is worth observing that the validation notices in *Caprio* and *Wilson* are nearly identical to the one at issue in this case. All three closely track the language of Section 1692g(a)(3)-(5): there is a sentence that corresponds to subsection (a)(3), which does not indicate that a dispute must be in writing, and two additional sentences that correspond to subsections (a)(4) and (a)(5), which do. However, the plaintiffs in *Caprio* and *Wilson* did not challenge the validity of this language, and the circuit court did not address it. Accordingly, those decisions do not expressly resolve whether such language effectively conveys to consumers their Section 1692g rights. *See United States v. Shabani*, 513 U.S. 10, 16 (1994) ("[Q]uestions which 'merely lurk in the record' are not resolved, and no resolution of them may be inferred.").

*LLC*, 717 F.3d 282, 286 (2d Cir. 2013); *Clark v. Absolute Collection Serv., Inc.*, 741 F.3d 487, 490 (4th Cir. 2014); *Camacho v. Bridgeport Fin. Inc.*, 430 F.3d 1078, 1081 (9th Cir. 2005). The fact that there is a circuit split on how Section 1692g(a)(3) should be read—that is, whether that subsection requires a dispute be in writing—is good evidence that the notice here, which mirrors Section 1692g(a)(3)-(5), is open to more than one reasonable interpretation. If the federal appellate courts have divided on the best reading, then surely the least sophisticated debtor would be similarly confused.

Looking beyond the content of the validation notice, an analysis of the remainder of the letter lends weight to the conclusion that HOVG's letter did not effectively convey the consumer's validation rights. As in *Graziano* and *Caprio*, the validation notice was "relegated to the back side" of the letter. *Caprio*, 709 F.3d at 152. The front side of the letter instructed the reader to "see reverse side for important consumer information." Thus "[n]o indication is given on the front of the letter as to the nature of the notice, i.e., the debtor's rights," *Wilson*, 225 F.3d at 35; the front side does not, for example, indicate that information on the reverse side pertains to "legal rights," *Graziano*, 950 F.2d at 109. Accordingly, the placement of the validation notice on the back side of the letter, when accompanied only by a vague reference on the front side to "important consumer information," obscures any notice that the validation notice provides.

Further, the front side of the letter repeatedly notes that the consumer may call with "any questions." Though this language on its own "could be read as nothing more than a mere invitation," *Caprio*, 709 F.3d at 151, the front side of the letter nonetheless emphasizes that the consumer should call, rather than write, with any issues. This emphasis on calling increases the likelihood that the consumer would be encouraged to interpret the first sentence of the validation notice—with its lack of reference to any writing requirement—as an indication that she should

call to notify HOVG of the dispute. Thus, the validation language is not only open to two reasonable interpretations, the 'incorrect' interpretation, that a debtor may call to dispute her rights, is in fact encouraged by the remainder of the letter.

In sum, the content of the validation notice violates Section 1692g because the language parroting Section 1692g(a)(3)-(5) "can be reasonably read to have two or more different meanings, one of which is inaccurate." *Caprio*, 709 F.3d at 152. Further, the remainder of the letter encourages the reader both to overlook the validation notice and to call, rather than write, with questions, thus increasing the likelihood that the consumer will misunderstand her validation rights. Accordingly, the validation notice is not "conveyed *effectively* to the debtor," and violates the FDCPA. *Wilson*, 225 F.3d at 354 (emphasis added).

For the reasons given, the motion to dismiss is denied. An appropriate order follows.

**BY THE COURT:**

**/s/Wendy Beetlestone, J.**

______________________________

**WENDY BEETLESTONE, J.**

**October 31, 2018**

Front Side:

P.O. BOX 5914
TROY MI 48007-5914
RETURN SERVICE REQUESTED

↑ PLEASE DO NOT SEND PAYMENTS OR ↑ CORRESPONDENCE TO THE ABOVE ADDRESS

P79QAI00303896 -524426791 I15582
JAVIER GUZMAN
12521 BISCAYNE DR
PHILADELPHIA PA 19154-3014

BAY AREA CREDIT
SERVICE

**P.O. BOX 467600,**
**ATLANTA GA 31146**
**800-684-1856**
Phone Hours: Mon. – Fri.: 8AM – 12AM ET
Saturday: 8AM – 7PM ET
Office Hours: Mon. – Fri.: 8AM – 5PM ET

BACS Account #: 2737
Creditor: Pendrick Capital Partners II, LLC
Creditor Account #: 467

Original Creditor: AHN EMERGENCY GROUP OF IN
Original Creditor Account #: 6385
Principal Assigned: $
**TOTAL DUE:** $

AUGUST 9, 2017

## ACCOUNT NOTIFICATION

Our client, Pendrick Capital Partners II, LLC, has purchased your account from AHN EMERGENCY GROUP OF IN with date of service 02-20-2016 and has assigned it to this collection agency.

You may remit your payment by mail to:

**BAY AREA CREDIT SERVICE**
**P.O. BOX 467600**
**ATLANTA GA 31146**

Please ensure the BACS Account # and Creditor name are included on your check or money order.

Additionally, you can make payment in full by using your checking account, debit card or credit card by visiting our website at www.bayareacredit.com/pay or over the phone by calling 800-684-1856.

If you are not able to pay the balance, or if you have questions, please call us at 800-684-1856.

Sincerely,

HOVG, LLC dba Bay Area Credit Service (BACS), 4145 Shackleford Road, Suite 330B, Norcross, GA 30093

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT BY A DEBT COLLECTOR AND ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE.**

**SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION.**

In order to credit your account properly, you must return this bottom portion with your payment.

If you wish to make a payment on the web go to: www.bayareacredit.com/pay.
You may mail your payment for processing to BAY AREA CREDIT SERVICE, P.O. BOX 467600, ATLANTA GA 31146.
If you have any questions or would like to pay by phone, call 800-684-1856.

NAME: JAVIER GUZMAN
BACS Account # 2737
Creditor: Pendrick Capital Partners II, LLC
Creditor Account #: 467
**TOTAL DUE:** $

PLEASE SEND ALL PAYMENTS AND CORRESPONDENCE TO THE ADDRESS BELOW:

BAY AREA CREDIT SERVICE
P.O. BOX 467600
ATLANTA GA 31146

Reverse Side:

## CONSUMER RIGHTS

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of the judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

## DERECHOS DEL CONSUMIDOR

A menos que usted le notifique a esta oficina dentro de 30 días después de que recibió este aviso que usted reclama la validez de la deuda o cualquier parte de la misma, esta oficina dará por hecho que la deuda es válida. Si usted le notifica a esta oficina por escrito en 30 días de recibir este aviso que usted reclama la validez de la presente deuda o cualquier parte de la misma, la oficina obtendrá verificación de la deuda u obtendrá una copia del dictamen y le remitirá una copia de dicho dictamen o verificación. Si usted le solicita a esta oficina por escrito dentro de 30 días de recibir este aviso, esta oficina le proveerá el nombre y domicilio del acreedor original si es diferente al acreedor actual.

ADDRESS OR NAME CORRECTION

WORK PHONE NO. ____________ HOME PHONE NO. ____________

NAME ____________

ADDRESS ____________

CITY ____________ STATE ____________ ZIP ____________

